



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASPEX EYEWEAR, INC., | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| v. | § | 3:98-CV-2996-D |
| | § | |
| E'LITE OPTIK, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT E'LITE OPTIK'S UNOPPOSED EXPEDITED MOTION FOR STATUS CONFERENCE

Pursuant to Federal Rule of Civil Procedure 16 and for the reasons stated in the accompanying brief, Defendant E'Lite Optik ("E'Lite") respectfully requests a status conference with the Court to address scheduling and various procedural and substantive issues. Plaintiff does not oppose the request for status conference.

The issues to be addressed relate to the propriety and efficiency of proceeding with the June 17, 2002 trial setting in the above referenced action on United States Patent No. 5,568,207 (the '207 patent) in light of the surrender of the '207 patent which occurred when it was reissued as United States Reissue Patent No. RE37,545 (the '545 patent). Aspex has filed a separate action on the '545 patent. E'Lite asserts that because the '207 patent has been surrendered, Aspex cannot state a claim based on the '207 patent and this court lacks subject matter jurisdiction over claims based on the '207 patent. Accordingly, any trial in June can only be on claims 1 and 2 of the '545 patent. This approach presents a problem in view of this court's denial of Aspex's motion to amend the complaint in this case to include the '545 patent. Substitution of the '545 patent for

247

the '207 patent also requires certain matters be addressed such as the effect of the reissue prosecution history on the claim construction. Alternatively, E'Lite suggests that the two cases be consolidated and placed on an expedited schedule with a trial setting in 9 months. Plaintiff does not oppose having a status conference but asserts that the case should proceed based on the '207 patent alone.

The effect of the reissuance of the '207 patent on this action and the basis to conclude that this case cannot proceed to trial are discussed in the Brief filed in support of this Motion.

The requested status conference will permit the parties to discuss these issues with the Court and establish an orderly resolution of the dispute. The parties respectfully request an expedited hearing, preferably telephonically, prior to the first pretrial deadline of May 17, 2002.



Respectfully,

*/s/ Paul V. Storm*

Robert M. Mason
Texas State Bar No. 13158240
MASON & PETRUZZI
13601 Preston Rd.
Ste. 402W
Dallas, Texas 75240
(972) 788-1500

Paul V. Storm
Texas State Bar No. 19325350
John G. Fischer
Texas State Bar No. 00795890
Robin L. Barnes
Texas State Bar No. 24009952
Dawn C. Wolff
Texas State Bar No. 24028235
STORM & HEMINGWAY
8117 Preston Rd.
Ste. 460
Dallas Texas 75225
(214) 292-8998
(214) 292-8999 (facsimile)

**ATTORNEYS FOR DEFENDANT
E'LITE OPTIK, INC.**

## CERTIFICATE OF CONFERENCE

On May 8, 2002, Robert Mason, counsel for Defendant E'Lite Optik, Inc. spoke with Plaintiff's counsel, Michael Nicodema, regarding the foregoing Motion and Plaintiff's counsel indicated that Plaintiff does NOT oppose a status conference in this case, but Plaintiff does OPPOSE the specific relief proposed by Defendant in this motion. Plaintiff asserts that it is proper to go forward with the June 2002 trial on the '207 patent, notwithstanding that the '207 patent has been surrendered in favor of the '545 reissue patent. However, Plaintiff does acknowledge that injunctive relief is not available on the '207 patent.

*Robert M. Mason by Paul V. Storm*
Robert M. Mason
*per telephonic approval.*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served as follows on this 10th day of May, 2002:

Dan Duncan Davison  
Brett Christopher Govett  
FULBRIGHT & JAWORSKI  
Texas Commerce Bank Tower  
2200 Ross Avenue  
Suite 2800  
Dallas, TX 75201-2784  

*VIA HAND DELIVERY*

Michael A. Nicodema  
Barry J. Schindler  
DREIR & BARITZ  
499 Park Avenue  
New York, NY 10022  

*VIA FEDEX*

_____

DEFENDANT E'LITE OPTIK, INC.'S MOTION FOR STATUS CONFERENCE