IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ASPEX EYEWEAR, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:98-CV-2996-D |
| VS. § | |
| § | |
| E'LITE OPTIK, INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

The court must decide whether the voluntary surrender of U.S. Patent No. 5,568,207 (the "'207 patent") in favor of U.S. Patent No. Reissue 37,545 (the "'545 reissue patent"), and plaintiff's failure to obtain leave to amend its complaint to state a claim based on the reissue patent, require dismissal of this patent infringement action, which is based on the '207 patent, as moot. The court holds that it does, and it therefore dismisses this case without prejudice.

I

The background facts and procedural history of this case are set out in earlier opinions of the court and need not be repeated. *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 2002 WL 1592606, at *1-*2 (N.D. Tex. July 17, 2002) (Fitzwater, J.); *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 2002 WL 1751381, at *1-*3 (N.D. Tex. Apr. 4, 2002) (Fitzwater, J.); *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 2002 WL 204775, at *1 (N.D.Tex. Feb. 27, 2001) (Fitzwater, J.). The principal facts relevant to the present decision are that plaintiff Aspex Eyewear, Inc. ("Aspex") sues defendant E'Lite Optik, Inc. ("E'Lite") based on the '207 patent, and that Aspex failed to properly obtain leave to amend its complaint to sue on the '545 reissue patent.

In February 2002, while this lawsuit was pending, the owner of the '207 patent, Richard Chao ("Chao") voluntarily surrendered his patent in favor of the '545 reissue patent. After Chao obtained the '545 reissue patent, Aspex filed on March 19, 2002 a motion for leave to file a second amended complaint. By this amended pleading it sought to recover from E'Lite under the '545 reissue patent. The court denied the motion without prejudice because Aspex had moved for relief under Fed. R. Civ. P. 15(a) rather than Rule 16(b). *See* Mar. 20, 2002 Order at 1-2. Rule 16(b) provided the correct standard because the deadline in the court's scheduling order for filing motions for leave to amend had already expired. Although the court's order explicitly stated that the denial of the motion was without prejudice, Aspex did not renew its motion for leave and urge that it should be granted leave to amend under the Rule 16(b) standard. Instead, Aspex filed on March 26, 2002 a separate lawsuit against E'Lite (the "2002 suit"). Aspex submitted as its complaint in the 2002 suit the proposed amended complaint that the court had denied it leave to file in the present action.

E'Lite now moves to dismiss this action because Aspex is suing based on the '207 patent. Aspex requests that the court deny E'Lite's motion and consolidate this case with the 2002 suit.

II

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if it appears beyond doubt that the pleader can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Despite Aspex's contentions that E'Lite cannot meet this burden, the court holds that the only facts that bear upon its decision are undisputed: Aspex has surrendered the original patent-in-suit and has failed to obtain leave to amend to sue on the reissue patent. Therefore, there is no procedural impediment to the court's granting E'Lite's Rule 12(b)(6) motion if, based on these facts, it is entitled to dismissal as a matter of law. And the court's

decision under Rule 42(a) whether to consolidate the present case and the 2002 suit is not constrained by the content of Aspex's complaint.

### III

"An original patent cannot be infringed once a reissue patent has issued[.]" *Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 827 (Fed. Cir. 1984). "The original claims are dead." *Id.* Aspex maintains that, under 35 U.S.C. § 252, which provides for continuity of claims from an original patent to a reissue patent, dismissal of the instant case is improper. Aspex's argument improperly disregards, however, the effect of its failure to obtain leave to amend and its decision to file a separate lawsuit. While § 252 may effectively allow Aspex to recover from E'Lite under the '545 reissue patent in the 2002 suit, Aspex cannot obtain relief in the present suit, which is based solely on claims that are dead. Although one way of suing on a claim in a reissued patent is to file a motion for leave to amend under Rule 15(a), *see, e.g., New Balance Athletic Shoe, Inc. v. Puma USA, Inc.*, 118 F.R.D. 17, 20 (D. Mass. 1987), Rule 15(a) amendment was unavailable in the present case because the deadline had elapsed for filing a motion for leave to amend. *See, e.g., Poly-America, Inc. v. Serrot Int'l, Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). Aspex was therefore required to seek and obtain Rule 16(b) relief, which it never sought, before it could move for leave to amend under Rule 15(a).

Accordingly, the court grants E'Lite's motion to dismiss for failure to state a claim on which relief can be granted, because Aspex is suing in this case on a patent that has been surrendered, and Aspex has not obtained leave to amend to sue on the '545 reissue patent.[*]

---

[*]The parties have addressed in their briefing other substantive issues that the court need not decide. These matters must be resolved, if necessary and appropriate, in the context of the 2002 suit.

IV

Aspex maintains that the court should consolidate this case with the 2002 suit rather than dismiss it. The court declines in its discretion to consolidate a suit based on a live reissue patent with one based on a dead patent. Doing so could effectively grant Aspex leave to amend when it did not properly seek such leave; the court can adequately address in the 2002 suit any substantive issues that arise from the surrender and reissuance of the patent; and separate substantive and discovery proceedings are probably necessary and are more logically and fairly conducted in the context of the 2002 suit rather than in consolidated actions. Assuming—*arguendo* only—that there are substantive consequences to denying Aspex's consolidation request, these follow from the inventor's decision to surrender the '207 patent, Aspex's failure to renew its motion for leave after it initially filed the motion under the wrong standard, and Aspex's decision to file a separate lawsuit. Moreover, if Aspex can demonstrate undue prejudice arising from the scheduling order issued in the 2002 suit, it can move in that case for acceleration of the deadlines in the order.

\* \* \*

Accordingly, E'Lite's August 19, 2002 motion to dismiss is granted, and this action is dismissed without prejudice as moot by judgment filed today.

**SO ORDERED.**

December __20__, 2002.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE